UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X    12 CV 8775 (PAC)

MWAZI WHITE,

                                VERIFIED COMPLAINT
        Plaintiff,              AND DEMAND FOR
                                A JURY TRIAL

   -against-

THE CITY OF NEW YORK,  N.Y.C.
POLICE OFFICER CONSTANT
CHARIDEMOU, SHIELD # 27883,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE (1)-(2), EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                        Defendants.
-----------------------------------------------------------X

      1.  This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## **PARTIES**

3. Plaintiff is a resident of New York County, in New York City, New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## **FACTS**

9. Plaintiff is a 35 year old African-American man who at the time of this incident was working at a retail establishment called "Deals", a 99¢ store.

10. On or about March 13, 2011, at approximately 3:00 a.m., plaintiff was in the vicinity of 323 E. 108 Street, New York, New York, when he was arrested and assaulted by the defendant officers without any legal justification.

11. At that time, he was on the sidewalk, leaning against a parked car, taking in some air, when the defendant officers called him over to their police car.

12. The officers asked plaintiff what he was doing.

13. Plaintiff replied he wasn't doing anything, and was about to go to the store.

14. Then, Officer Charidemou asked plaintiff whether he had anything on him.

15. Plaintiff said that he only had his identification and a boxcutter for work.

16. At that point the officer grabbed plaintiff by the arm and began to turn him around.

17. Plaintiff verbally protested this action.

18. The officer then told plaintiff to "Shut the fuck up."

19. Then, Officer Charidemou pushed plaintiff against a parked car, and swept his feet out from under him.

20. He proceeded to roughly handcuff plaintiff.

21. He also slammed plaintiff's head into the parked car numerous times without any justification, knocking plaintiff unconscious.

22. Plaintiff's next recollection is of being in a holding cell at the 23rd precinct.

23. Plaintiff asked Officer Charidemou for medical attention.

24. Charidemou said, "Shut the fuck up. You don't need medical attention. You're lucky I didn't kill you?

25. Hours late, prior to his arraignment, plaintiff was provided medical attention at Bellevue Hospital, and glue was used to close a cut above his left eye.

26. Plaintiff was accused of Criminal Possession of a Weapon in the Fourth Degree, which accused plaintiff of possessing a boxcutter with the intent to use it unlawfully, although plaintiff never took the boxcutter out of his pocket nor did he threaten to do so.

27. Plaintiff was also falsely accused of resisting arrest, and at arraignment the prosecutor served notice of intention to present the case as a felony to a grand jury.

28. At arraignment, $1,000 bail was set on plaintiff.

29. On March 18, 2011, the prosecutor withdrew the notice of intent to present this case to the grand jury as a felony.

30. Plaintiff remained in jail until March 21, 2011, when the prosecutor consented to plaintiff's release.

31. On January 4, 2012, all criminal charges were dismissed against plaintiff.

32. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

33. Defendant City knew or should have known that prior this date of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and

information and belief, there were prior reports of such unlawful conduct by this specific officer, including a prior incident of September 24, 2009, in which these officers used excessive force against another individual named Alfred Ruiz, Jr. Mr. Ruiz's lawsuit brought in the SDNY was settled with the City of New York under Index #10-CV-5158( JGK).

34. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

35. On April 15, 2011, and again on March 2, 2012, Notices of Claim were served upon the Defendant New York City, setting forth:

   a) The name and post office address of the Claimant and his attorney;
   b) The nature of the claim;
   c) The time when, the place where, and the manner in which the claim arose;
   d) The items of damages and injuries sustained so far as practicable.

36. The Notices of Claim were served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

37. Plaintiff was available for a 50-H deposition, but as of this date said hearing has not taken place.

38. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

39. This action has been commenced within one year and 90 days after Plaintiff's state cause of action for malicious prosecution claim accrued.

40. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION FOR
### <u>VIOLATION OF CIVIL RIGHTS</u>
(Federal False Arrest Claim)

41. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

42. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

43. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

44. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

### FOR A SECOND CAUSE OF ACTION FOR
### <u>VIOLATION OF CIVIL RIGHTS</u>
(Federal Excessive Force Claim)

45. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

46. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

47. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

48. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

49. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Invasion of Privacy)

50. Plaintiffs reiterate and reallege the facts stated in the preceding paragraphs as if stated fully herein.

51. As a result of their actions, Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in that his seizure was based upon a violation of his right to privacy and the search was conducted in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

52. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

53. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violation)

54. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

55. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

56. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## FIFTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

57. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

58. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

59. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about December 7, 2010, all charges were dismissed.

60. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       November 6, 2012

                                        RESPECTFULLY,

                                        STEVEN A. HOFFNER, ESQ.
                                        Attorney for the Plaintiff
                                        325 Broadway, Suite 505
                                        New York, New York 10007
                                        (212) 941-8330
                                        (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       November 6, 2012

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MWAZI WHITE,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CONSTANT
CHARIDEMOU, SHIELD # 27883,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE (1)-(2), EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                    Defendants.

----------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
<u>A JURY TRIAL</u>

      STEVEN A. HOFFNER, ESQ.
      Attorney for the Plaintiff
      325 Broadway, Suite 505
      New York, New York 10007
      Tel:   (212) 941-8330
      Fax:  (646) 810-4031